UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONNA JONES,<br><br>           Plaintiff,<br><br>    v.<br><br>GREYHOUND LINES, INC., et al.,<br><br>           Defendants. | Case No. 25-cv-05150-JD<br><br>**ORDER RE REMAND** |

Plaintiff Devonna Jones sued her former employer, Greyhound Lines, Inc. (Greyhound), and former supervisor, Angela Murff, on several California state law employment claims, including whistleblower retaliation under California Labor Code § 1102.5. *See* Dkt. No. 1-3, Ex. A (Compl.). Jones originally filed the case in San Francisco County Superior Court, and defendants removed the action to this Court on an allegation of traditional diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Dkt. No. 1. Jones asks for a remand to state court. Dkt. No. 12. The parties' familiarity with the record is assumed, and the case is remanded.

The parties do not dispute that Jones and Greyhound have diverse citizenship. *See* Dkt. No. 1; Dkt. No. 12. They disagree about the effect of individual defendant Murff, who, like Jones, is a California resident. *See* Compl. at ¶ 3. Murff is named in the first cause of action for violation of California Labor Code § 1102.5, for whistleblower retaliation. Compl. at ¶¶ 25-34. Defendants say that Murff is a sham defendant who was fraudulently joined and whose citizenship should consequently be disregarded for jurisdictional purposes. *See* Dkt. No. 1 at 5-8.

The governing standards for the remand motion are well established. As in all federal cases, the foundational principle is that the jurisdiction of the federal courts is limited to what is authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994). "Diversity jurisdiction arises when a plaintiff sues a citizen of a different state over an amount in controversy exceeding $75,000." *Dole v. Verisk Analytics, Inc.*, No. 22-cv-06625-JD, 2023 WL 2985116, at *1 (N.D. Cal. Apr. 17, 2023) (citing 28 U.S.C. § 1332(a)). "An out-of-state defendant may remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1441(a)). "A plaintiff may move to remand the action to state court if the case was improperly removed because of a lack of subject-matter jurisdiction." *Id.* (citing 28 U.S.C. § 1447(c)). There is a "strong presumption against removal jurisdiction," *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (internal quotation and citation omitted), and any doubt about removal weighs in favor of remand, *see Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014). "Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined." *California v. AbbVie Inc.*, 390 F. Supp. 3d 1176, 1180 (N.D. Cal. 2019) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).

      The burden of establishing removal is even heavier when a defendant is said to have been fraudulently joined to defeat jurisdiction. "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Geisse v. Bayer HealthCare Pharms. Inc.*, No. 17-cv-07026-JD, 2019 WL 1239854, at *2 (N.D. Cal. Mar. 18, 2019) (quoting *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018)) (internal citation omitted). "[S]hort of proving that the plaintiff committed actual fraud in pleading jurisdictional facts, a defendant urging fraudulent joinder must show that the non-diverse party who was joined in the action cannot be liable on any theory." *Id.* (quoting *Grancare*, 889 F.3d at 548) (internal quotation omitted). "Our circuit has emphasized that this inquiry is not the same as the Rule 12(b)(6) review for failure to state a plausible claim." *Id.* (citing *Grancare*, 889 F.3d at 549). "It has a lower bar and requires only that there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* (quoting *Grancare*, 889 F.3d at 549) (internal quotation omitted) (emphasis in original). "This means that

the joinder of a non-diverse party will not necessarily be deemed fraudulent even if the claim could be dismissed." *Id.* (citing *Grancare*, 889 F.3d at 549). "In effect, the 'possibility' standard is akin to the 'wholly insubstantial and frivolous standard for dismissing claims under Rule 12(b)(1).'" *Id.* (quoting *Grancare*, 889 F.3d at 549-50). If there is any possibility above the trivial or frivolous that the plaintiff can state a claim against the non-diverse defendant, "the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quotations and citation omitted). In short, there is a "'general presumption against [finding] fraudulent joinder,'" which adds to the usual presumption against removal in all cases under Section 1332(a) and imposes a particularly heavy burden on the defendant to prove. *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046).

The possibility of individual liability against Murff turns on Section 1102.5 of the California Labor Code. The Section states: "(b) An employer, *or any person acting on behalf of the employer,* shall not retaliate against an employee for [whistleblowing]." Cal. Lab. Code § 1102.5 (emphasis added). The italicized language was added in a 2013 amendment. *See* S.B. No. 496, 2013-14 State Leg., Reg. Sess. (Ca. 2013), 2013 Cal. Legis. Serv. Ch. 781.

Neither the California Supreme Court nor the state courts of appeal have definitively construed Section 1102.5 with respect to the question of the potential liability of individuals. *See Cao v. Bank of Am., N.A.,* No. 24-CV-01195-JD, 2025 WL 660248 (N.D. Cal. Feb. 28, 2025) ("In the absence of definitive pronouncements from the Supreme Court of California, 'we follow decisions of the California Court of Appeal unless there is convincing evidence that the California Supreme Court would hold otherwise.'" (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010))). Other federal district courts have recognized that "[a]fter the amendments, 'the plain language of section 1102.5 seems to stretch itself to individual liability.'" *Tan v. InVentiv Health Consulting Inc.*, No. CV 19-07512-CJC(ASX), 2019 WL 5485654, at *3 (C.D. Cal. Oct. 24, 2019) (citation omitted).

Because the plain language of the statute could be read to contemplate individual liability, and there is no state court decision holding otherwise, the Court cannot say that there is no

3

possibility Jones may state a cause of action against Murff. Other district courts have reached the same conclusion. *See, e.g.*, *Tan*, 2019 WL 5485654, at *3; *Ferguson v. Marsh & McLennan Agency LLC*, No. 21-CV-00585-JST, 2021 WL 4974798, at *4 (N.D. Cal. June 10, 2021) (collecting cases).

Defendants have not presented a good reason for a different result. Defendants cite *Reno v. Baird*, 18 Cal.4th 640 (1998), and *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158 (2008), Dkt No. 14 at 3-4, but those cases involved a different statute, namely the Fair Employment and Housing Act, Cal. Gov. Code §§ 12490 *et seq.* They also pre-date the amendment of the whistleblower statute in 2013. Overall, defendants' case citations do not foreclose the "possibility" that a California state court could allow for individual liability under Section 1102.5. *See Geisse*, 2019 WL 1239854, at *2 (quotations omitted).

Defendants cite other federal district court cases dismissing Section 1102.5 claims against individuals under Rule 12(b)(6). Dkt. No. 14 at 4-5. These cases are less than they might appear because the jurisdictional inquiry for the purposes of removal is not the same as Rule 12(b)(6) review. Jones need meet only a "lower bar [that] requires only that there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Geisse*, 2019 WL 1239854, at *2 (quotations omitted). Irrespective of what the federal courts may have concluded, no California state court has dispositively foreclosed such a possibility.

Consequently, the case is ordered remanded to the Superior Court of the State of California for the City and County of San Francisco. 28 U.S.C § 1447(c). Each side will bear its own costs and fees in connection with the removal and remand proceedings.

**IT IS SO ORDERED.**

Dated: August 25, 2025

JAMES DONATO
United States District Judge